**Signed as modified by the Court.**

**This order is SIGNED.**

**Dated: August 9, 2023**



**WILLIAM T. THURMAN**
**U.S. Bankruptcy Judge**



*rdr*

*Prepared and submitted by:*

George Hofmann (10005)
Jeffrey Trousdale (14814)
**COHNE KINGHORN, P.C.**
111 East Broadway, 11th Floor
Salt Lake City, UT  84111
Telephone: (801) 363-4300
Facsimile: (801) 363-4378

*Attorneys for* the Debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>KEITH GILBERT,<br><br>Debtor. | Bankruptcy No. 22-21988 (WTT)<br><br>Chapter 11 |

**FINDINGS AND CONCLUSIONS REGARDING CONFIRMATION**
**OF DEBTOR'S PLAN OF REORGANIZATION DATED MAY 19, 2023**

The matter before the Court is the *Debtor's Plan of Reorganization dated May 19, 2023* [Docket No. 34] (the "Plan"), filed by Keith Gilbert, the debtor and debtor-in-possession in the above-captioned case (the "Debtor").

Based upon the evidence set forth on the Docket in the Case, including the *Declaration of Keith Gilbert in Support of Confirmation of Plan of Reorganization* [Docket No. 44] (the "Gilbert Declaration"), the *Ballot Tabulation Register* [Docket No. 42], the *Supplement to Ballot Tabulation Register* [Docket No. 43], and other papers

filed concerning the Plan [*e.g.*, Docket Nos. 35, 36, 37, 38, 41], having inquired into the legal sufficiency of the evidence adduced, and good cause appearing, the Court hereby

**FINDS AND CONCLUDES**[1] as follows:

A.     <u>Exclusive Jurisdiction; Venue; Core Proceeding</u>.  This Court has jurisdiction over the Bankruptcy Case[2] pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

B.     <u>Judicial Notice</u>.  This Court takes judicial notice of the docket of the Bankruptcy Case maintained by the Bankruptcy Court, including, without limitation, all pleadings, papers and other documents filed, all orders entered, and the transcripts of, and all minute entries, all transcripts of hearings, and all of the evidence received and arguments made at the hearings held before the Court during the pendency of the Bankruptcy Case.

C.     <u>Transmittal and Mailing of Materials; Notice</u>.  All due, adequate, and sufficient notices of the Plan, the Motion, and the deadlines for voting on and filing objections to the Plan, were given to all known holders of Claims and Interests in accordance with the Bankruptcy Rules and this Court's Order Granting Ex Parte Motion to Set Deadlines under Bankruptcy Rule 3017.2 [Docket No. 48]. <u>See</u> Certificate of

---

[1]     Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  <u>See</u> Fed. R. Bankr. P. 7052.

[2]     Capitalized terms used but not otherwise defined herein are defined in the Plan.

Service, Docket No. 36. The Plan and relevant ballots were transmitted and served in

substantial compliance with the Bankruptcy Rules upon Creditors entitled to vote on the

Plan, and such transmittal and service were adequate and sufficient. Any modifications

of and to the Plan, including any modifications made under the Confirmation Order, are

immaterial in that they do not adversely change the treatment under the Plan of any

creditor, and under Bankruptcy Rule 3019(a), the modifications are deemed accepted

by all creditors who have previously accepted the Plan. No other or further notice of the

Plan or Motion is or shall be required.

D.    <u>Solicitation</u>.  The solicitation of votes for acceptance or rejection of the

Plan complied with § 1126,[3] Bankruptcy Rules (including interim rules) 3017.2 and

3018, all other applicable provisions of the Bankruptcy Code, and all other rules, laws,

and regulations.  Based on the record before the Court in the Bankruptcy Case, the

Debtor's solicitation of votes on the Plan was proper and done in good faith.

E.    <u>Distribution</u>.  All procedures used to distribute the solicitation materials to

the applicable holders of Claims and to tabulate the ballots were fair and conducted in

accordance with the Bankruptcy Code, the Bankruptcy Rules, the local rules of the

Bankruptcy Court, and all other rules, laws, and regulations.

F.    <u>Acceptance of Plan</u>.  The Plan establishes five Classes of Claims.  Based

on the Gilbert Declaration and a review of the Debtor's Schedules and the Claims

Register maintained by the Court, there are no holders of Class 1 or 5 Claims.  Classes

2, 3, and 4 are impaired and were entitled to vote on the Plan. Two votes were cast in

---

[3]    Unless otherwise provided, all references to statutory sections in these Findings and Conclusions
using the section symbol "§" are to the relevant sections of the Bankruptcy Code.

4865-3402-3535, v. 1

favor of the Plan by the Class 4 Creditor SBSU, and no ballots were cast against the Plan in Class 4. No ballots were submitted in Class 3, and GM Financial also did not object to the Plan. Accordingly, Class 3 is deemed to have accepted the Plan for purposes of section 1129(a)(8) under In re Ruti-Sweetwater, Inc., 836 F.2d 1263, 1267-68 (10th Cir. 1988) (presuming acceptance of class of creditors that did not return a ballot and did not timely object to confirmation).

G.   General Unsecured Claim Class.   Two ballots were cast by holders of Claims in Class 2 (General Unsecured Claims), both of them rejecting the Plan. The Court finds that the Plan may nevertheless be confirmed despite this rejecting Class under 11 U.S.C. § 1191(b). The Court finds that the Plan does not discriminate unfairly and is fair and equitable with respect to Class 2. ~~In particular, no holder of a claim or interest junior to general unsecured claims will receive or retain any property or value, with the exception of the Debtor (although pursuant to Bankruptcy Code § 1181, Bankruptcy Code § 1115 does not apply in a subchapter V case).~~

H.   Plan Complies with Bankruptcy Code.   The Plan, as supplemented and modified by the Confirmation Order, complies with the applicable provisions of the Bankruptcy Code, thereby satisfying §§ 1129(a)(1) and 1191(a).

i.   Proper Classification.   As required by § 1123(a)(1),[4] Article 3 of the Plan properly designates classes of Claims, and classifies only substantially similar Claims in the same classes pursuant to § 1122.

ii.   Specify Unimpaired Classes.   There are no unimpaired classes under the Plan. All classes of claims are impaired.

---

[4]   Unless otherwise provided, all references to statutory sections in this Declaration using the section symbol "§" are to the relevant sections of the Bankruptcy Code.

iii.    <u>Specify Treatment of Impaired Classes</u>.  Classes 1 through 5 are designated as impaired under the Plan.  Article 4 of the Plan specifies the treatment of the impaired Classes of Claims, thereby satisfying § 1123(a)(3).

iv.    <u>No Discrimination</u>.  The Plan provides for the same treatment for each Claim or Interest in each respective Class, unless the holder(s) of a particular Claim(s) have agreed to less favorable treatment with respect to such Claim, thereby satisfying § 1123(a)(4).

v.    <u>Implementation of Plan</u>.  The Plan provides adequate and proper means for its implementation, thereby satisfying § 1123(a)(5).  Among other things, Articles 5 and 6 of the Plan provide for (a) the vesting of the property of the Debtor and his chapter 11 bankruptcy Estate in the Reorganized Debtor, (b) the Reorganized Debtor's use and retention of property, (c) the continuation of normal business (life) operations by the Reorganized Debtor, and (d) distributions to creditors equal to the Reorganized Debtor's Projected Disposable Income.

vi.    <u>Corporate Charter Provision Inapplicable</u>.  Section 1123(a)(6) is satisfied in that it is inapplicable to an individual debtor.

vii.    <u>Selection of Manager(s)</u>.  Section 1123(a)(7) is satisfied or inapplicable in that the Debtor is an individual, and does not have managers, officers, or directors.

viii.    <u>Additional Plan Provisions</u>.  The Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including provisions regarding (a) the assumption and/or rejection of executory contracts and unexpired leases, (b) the retention and enforcement by the Debtor of claims, and (c) modification of the rights of holders of secured claims.  Thus, § 1123(b) is satisfied.

ix.    <u>Bankruptcy Rule 3016(a)</u>.  The Plan is dated and identifies the Debtor as its proponent, thereby satisfying Bankruptcy Rule 3016(a).

I.       The Plan and its Proponent Comply with the Bankruptcy Code.  The Plan complies with the applicable provisions of the Bankruptcy Code.  Likewise, the Debtor complied with the applicable provisions of the Bankruptcy Code.  Thus, §§ 1129(a)(1) and (a)(2) are satisfied.

i.     The Debtor is a proper proponent of the Plan under § 1121(c).

ii.    The Debtor complied with the applicable provisions of the Bankruptcy Code, including §§ 1181 – 1195 (as applicable), the Bankruptcy Rules, and other orders of the Court in transmitting the Plan, the ballots, related documents and notices, and in soliciting and tabulating votes on the Plan.

J.       Plan Proposed in Good Faith.  The Plan is proposed in good faith and not by any means forbidden by law and, therefore, complies with the requirements of § 1129(a)(3).  In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of the Bankruptcy Case and the formulation of the Plan:

- The Debtor filed the bankruptcy case, and proposed the Plan for a valid reorganizational purpose.

- The Debtor is actively prosecuting his bankruptcy case, including by filing and prosecuting his Plan.

- The Debtor proposed the Plan with the legitimate and honest purpose of, among other things, providing a return to creditors.

- The Plan contemplates distributions to the holders of allowed claims from the contribution of the Debtor's Disposable Income. The Debtor has made genuine efforts to evaluate and "trim" his expenses in order to make

4865-3402-3535, v. 1

returns to creditors.

- This is not a case involving a single creditor and instead involves multiple creditors.

- The Debtor filed the bankruptcy case having a reasonable possibility of reorganization.

- The Plan is feasible, practicable and there is a reasonable likelihood that the confirmed plan will achieve its intended results, which are consistent with the Bankruptcy Code.

K.    <u>Payments for Services or Costs and Expenses</u>.  Pursuant to section 2.2 of the Plan, all fees and expenses of Professionals incurred through and including the Effective Date will be subject to the Court's approval, and will be paid through the Debtors' Plan Payments, as authorized by § 1191(e) (unless otherwise agreed by the Debtors and the holder of such Claim.  Moreover, section 10.1 of the Plan provides that this Court will retain jurisdiction after the Effective Date to hear and determine all applications by Professionals and others for compensation and reimbursement of expenses relating to the period prior to the Effective Date.  Accordingly, the Plan complies with § 1129(a)(4).

L.    <u>Reorganized Debtor as Successor to Debtor</u>.  The Plan states that the Reorganized Debtor shall succeed the Debtor, and shall make the Plan Payments provided for in the Plan. The Reorganized Debtor's service is consistent with the interests of the holders of Claims and with public policy. Therefore, the requirements of § 1129(a)(5) are satisfied.

M.    <u>No Rate Changes</u>.  The Plan satisfies § 1129(a)(6) because the

7

Confirmed Plan does not provide for any change in rates over which a governmental regulatory commission has jurisdiction.

N.      <u>Best Interests of Creditors Test</u>.  The Plan provides that each holder of a Claim will receive or retain under the Plan on account of their Claim property of a value, as of the effective date of the Plan, that is not less than the amount such holder would receive or retain if the Case were converted to chapter 7, and the Estate were liquidated by a chapter 7 trustee.  As such, § 1129(a)(7) is satisfied.

O.       <u>Acceptance by Classes of Claims</u>.  As detailed above, with the exception of Class 2 General Unsecured Claims, the Plan was accepted by all Classes of Claims or, under <u>In re Ruti-Sweetwater, Inc.</u>, 836 F.2d 1263, 1267-68 (10th Cir. 1988), all other Classes of Claims are deemed to accept the Plan for purposes of section 1129(a)(8).

P.      <u>Treatment of Administrative Expense Claims and Priority Tax Claims</u>.  The Plan provides, in Article 2, for the treatment of administrative and priority claimants in accordance with the requirements of §§ 1129(a)(9) and 1191(e) (except to the extent that a holder agrees otherwise).

Q.      <u>Acceptance by at Least One Impaired Class</u>.  As set forth in the Supplement to Ballot Tabulation Report [Docket No. 43], SBSU is the holder of a Claim in an impaired Class and voted to accept the Plan.  Therefore, the Debtor satisfies the requirements of § 1129(a)(10).

R.      <u>Feasibility</u>.  The Plan is feasible and complies with § 1129(a)(11) because confirmation is not likely to be followed by a liquidation or the need for further financial reorganization of the Debtor.  The Court is satisfied that the Plan offers a reasonable prospect of success and is workable.  As such, the requirements of section 1129(a)(11)

4865-3402-3535, v. 1

are satisfied.

S.    <u>Payment of Fees</u>.  All fees payable under 28 U.S.C. § 1930 have been

paid, are not required to be paid, or will be paid on or before the Effective Date,

pursuant to Section 2.2 of the Plan, thereby satisfying § 1129(a)(12).

T.    <u>Continuation of Retiree Benefits</u>.  The Plan complies with § 1129(a)(13)

because the Debtor is not obligated to pay any retiree benefits subject to § 1114.

U.    <u>No Domestic Support Obligations</u>.  The Debtor does not have any

domestic support obligations.  Therefore, § 1129(a)(14) is not applicable.

V.    <u>1129(a)(15)</u>.  Bankruptcy Code § 1129(a)(15) is inapplicable in an SBRA

Case.

W.    <u>Transfers Will Comply with Nonbankruptcy Law</u>.  The Plan complies with

§ 1129(a)(16) because any transfers of assets to be made under the Plan will be made

in accordance with applicable nonbankruptcy law that governs the transfer of property

by a corporation or trust that is not a moneyed, business, or commercial corporation or

trust.

X.    <u>Debtor is the Proponent of the Plan.</u>  The Debtor is the proponent of the

Plan.  As such, the requirements of § 1189 are satisfied.

Y.    <u>Principal Purpose of Plan</u>.  The principal purpose of the Plan is not the

avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act

of 1933 (15 U.S.C. § 77e).  Therefore, the Plan satisfies the requirements of § 1129(d).

Z.    <u>Debtor is Entitled to Discharge Upon Effective Date</u>.  Consistent with

Section 12.4 of the Plan and Bankruptcy Code §§ 1181(a) and (c), 1191(a) and 1141(d),

the Debtor will be discharged from any debt that arose before entry of the Confirmation

4865-3402-3535, v. 1

Order, to the extent specified in § 1141(d)(1)(A) and the terms of the Plan.

AA.    <u>Trustee to be Discharged from Duties</u>.  Consistent with Section 5.3 of the Plan and Bankruptcy Code § 1183(c), the duties of the Trustee shall cease upon substantial consummation of the Plan, which shall occur on the Effective Date.

BB.    In summary, the Plan complies with, and the Debtor satisfies, all applicable confirmation requirements, and the Plan will be confirmed under § 1191(a) by entry of the separate Confirmation Order.

----------------------------------- END OF DOCUMENT -----------------------------------

4865-3402-3535, v. 1

## DESIGNATION OF PARTIES TO BE SERVED

Service of the foregoing Findings and Conclusions Regarding Confirmation of Debtor's Plan of Reorganization Dated May 19, 2023 shall be served to the parties and in the manner designated below:

**By Electronic Service:**  I certify that the parties of the record in this case as identified below, are registered CM/ECF users and will be served notice of entry of the foregoing Order through the CM/ECF system:

- **T. Edward Cundick**    tcundick@wnlaw.com, tcundick-secy@wnlaw.com;orders@wnlaw.com
- **George B. Hofmann**    ghofmann@ck.law, mparks@ck.law;apetersen@ck.law
- **Peter J. Kuhn**    Peter.J.Kuhn@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov;Rachelle.D.Armstrong@usdoj.gov;Brittany.Eichorn@usdoj.gov
- **David H. Leigh**    dleigh@rqn.com, ASanchez@rqn.com;docket@rqn.com
- **David W. Newman tr**    david.w.newman@usdoj.gov, Lindsey.Huston@usdoj.gov;James.Gee@usdoj.gov;Rinehart.Peshell@usdoj.gov;Rachelle.D.Armstrong@usdoj.gov;Brittany.Eichorn@usdoj.gov
- **Brian M. Rothschild**    brothschild@parsonsbehle.com, ecf@parsonsbehle.com;docket@parsonsbehle.com
- **Harvey Sender**    spierce@sendertrustee.com
- **Jeffrey L. Trousdale**    jtrousdale@cohnekinghorn.com, mparks@ck.law;apetersen@ck.law
- **United States Trustee**    USTPRegion19.SK.ECF@usdoj.gov
- **Tyler S. Wirick**    ecfutb@aldridgepite.com, TWirick@ecf.courtdrive.com

**By U.S. Mail:**  In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed R. Civ. P. 5(b):

None

/s/ George Hofmann

4865-3402-3535, v. 1